UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>NORMAN FELTS,<br><br>                              Defendant. | Case No.:  13cr2296-JAH<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [Doc. No. 611]** |

### INTRODUCTION

Pending before the Court is Defendant Norman Felts' ("Defendant") motion to reduce his sentence of imprisonment in light of existing medical conditions and the increasing risks that the coronavirus disease ("COVID-19") poses to incarcerated persons' health. *See* Doc. No. 611. Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). *Id.* Having carefully considered the pleadings, and for the reasons set forth below, Defendant's motion is **DENIED.**

### BACKGROUND

In August 2018, an indictment was filed charging Defendant with illicit sexual conduct under § 2423 (c) and one count of possession under § 2252(a)(4)(B) and (b)(2).

*See* Doc. No. 524. Defendant pled guilty to the single possession charge under § 2252(a)(4)(B) and (b)(2). *See* Doc. No. 588. On November 18, 2019, the Court sentenced Defendant to the custody of the Bureaus of Prisons ("BOP") for 120-months, followed by 120 months of supervised release. *See* Doc. No. 605.

On November 4, 2020, Defendant filed the instant motion and seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). *See* Doc. No. 611. Defendant alleges his age, and underlying medical conditions place him at significant risk of contracting COVID-19, and suffering severe long-term effects, including death. *Id.* On November 12, 2020, the United States of America ("Government") filed a response in opposition to Defendant's motion. *See* Doc. No. 621. The Government argues the Defendant possesses adequate and consistent access to professional health care within the BOP to sufficiently monitor his underlying medical conditions. *Id.* Moreover, the Government argues Defendant is unrepentant, unremorseful, and is a danger to the community. *Id.*

## **LEGAL STANDARD**

A court generally may not correct or modify a prison sentence once it has been imposed, unless expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). Defendant seeks modification of his sentence under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). The amendment to § 3582(c)(1)(A) provides prisoners with two direct routes to court: (1) file a motion after fully exhausting administrative appeals of the BOP's decision not to file a motion, or (2) file a motion after "the lapse of 30 days from the receipt ... of such a request" by the warden of the defendant's facility, "whichever is earlier." 18 U.S.C. § 3852(c)(1)(A). Thereafter, upon considering the applicable factors set forth in section 3553(a), the Court may determine whether "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*; U.S.S.G. § 1B1.13(1)(A) & cmt. 1.

"Exhaustion occurs when the [Bureau of Prisons] denies a defendant's application[.]" *United States v. Mondaca*, 2020 WL 1029024, at *2 (S.D. Cal. Mar. 3, 2020) (internal citations omitted). A defendant who has not "requested compassionate release from the [Bureau of Prisons] [or] exhausted his administrative remedies" is not entitled to a reduction of his term of imprisonment. *United States v. Solis,* 2019 WL 2518452, at *2 (S.D. Ala. June 18, 2019).

## DISCUSSION

In analyzing whether Defendant is entitled to compassionate release under 18 U.S.C. § 3582(c)(1)(A), the Court will determine whether the following three requirements are satisfied. First, Defendant must show he has exhausted administrative remedies. Second, Defendant must demonstrate that "extraordinary and compelling reasons"– as defined by the applicable Sentencing Commission policy statement—"warrant… a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Third, Defendant must establish that the 18 U.S.C. § 3553 (a) sentencing factors "are consistent with" granting a motion for compassionate release. *United States v. Trent,* 2020 WL 11812242, at *2 (N.D. Cal. 2020).

**A. Exhaustion of Administrative Remedies**

As an initial matter, the Court finds Defendant has satisfied the exhaustion of administrative remedies prior to bringing his motion for compassionate release. A court may reduce a term of imprisonment on a motion from a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *See* 18 U.S.C. § 3582(c)(1)(A). Defendant applied for compassionate release with the Warden at FCI Terminal Island. On August 12, 2020, the Warden denied Defendant's application for a reduction in sentence. *See* Doc. No. 611 at Appendix 1A. The Warden subsequently denied Defendant's request for reconsideration because Defendant failed to meet the "medical circumstances" criteria. *Id.* at Appendix 1B. Accordingly, the Court deems Defendant properly exhausted his administrative remedies pursuant to § 3582(c)(1)(A).

### B. Extraordinary and Compelling Reasons

A court may reduce a defendant's sentence if it finds "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582 (c)(1)(A). The relevant United States Sentencing Guidelines state that "extraordinary and compelling reasons" include: (1) medical conditions which diminish the ability of the defendant to provide self-care in prison, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. *See* U.S.S.G. § 1B1.13, Application Note 1(A).

Here, Defendant argues that extraordinary and compelling reasons warranting his compassionate release exists because he is particularly vulnerable to contracting and becoming seriously ill from COVID-19. *See* Doc. No. 611 at 17. Defendant points out that he is 75 years old and suffers from various condition, most notably heart problems requiring a pacemakers, colon cancer, chronic hepatitis B, deep vein thrombosis, and cirrhosis of the liver. *Id.* The Government concedes that Defendant's medical records indicate that Defendant suffers from serious health conditions and that some of those conditions are recognized as high risk factors for becoming severely ill from COVID-19. Doc. No. 621 at 14. However, the Government adds that while Defendant's medical conditions make him eligible for compassionate release under the applicable guidelines, his medical records show that he has recovered from COVID-19 and is receiving the necessary medical care to treat his various ailments, despite all of his serious health conditions. *Id.* at 15. In reply, Defendant argues that the Government is incorrect in assuming his recovery from COVID-19 provides him with immunity from further infection, and that the Government fails to acknowledge the risk Defendant faces based on his advanced age in combination with his health conditions.

The Court finds that Defendant has demonstrated that he suffers from serious medical conditions. Defendant's age (75 years old) and the various health conditions places

him at a higher risk of suffering illness from Covid-19.[1] However, Defendant has not shown that his ability to provide self-care is substantially diminished or that FCI Terminal Island is unable to monitor and adequately treat his medical conditions. *See United States v. Ayon-Nunez,* 2020 WL 704785, at *3 (E.D. Cal. Feb. 12, 2020) ("Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release.") (internal quotation and citation omitted). Defendant's medical records indicate that the BOP has provided him access to weekly medical treatment and medication for his various ailments, and Defendant does not explain how his imprisonment at FCI Terminal Island diminishes his ability to provide self-care for these conditions. *See* Doc. No. 621 at Exh. H. Moreover, Defendant's records shows that medical staff adequately treated him when he tested positive for COVID-19. *Id.* at Exh. G. Defendant was monitored daily for signs of any symptoms or detrimental impacts on his health. *Id.* In fact, Defendant recovered quickly without significant complications, despite his age and underlying medical conditions. *Id*. While there is still an unknown degree of risk to Defendant posed by the possibility of being reinfected with COVID-19, the speculative possibility provides no basis upon which the Court can conclude that Defendant is "substantially diminishe[d]" in his ability to "provide self-care" at FCI Terminal Island. *See also United States v. Eberhard,* 2020 WL 1450745, at *2 (N.D. Cal. 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement.").

The Court certainty recognizes that FCI Terminal Island was unable to initially control the outbreak of COVID-19 as evidenced by the high number of inmates contracting the virus and the number of inmates having died after being infected with the disease at the facility.[2] However, the infection rate at FCI Terminal Island has since dropped significantly. The BOP now reports that only 1 inmate and 2 staff are confirmed as having

---

[1] *See Older Adults,* Centers for Disease and Control and Prevention, https://www.cdc.gov/aging/covid19-guidance.html.
[2] *See* Rowe, Michael, *Report on Current Management and Future Risks Associated with COVID-19 Infection at FCI Terminal Island, https://prisonlaw.com/wp-content/uploads/2020/08/ECF-74-1-Report-of-Dr.-Michael-Rowe.pdf*

active COVID-19 cases at FCI Terminal Island. *See* https://www.bop.gov/coronavirus/ (last visited Nov. 27, 2020). Further, as discussed above, the prison medical staff at FCI Terminal Island have consistently been able to, and continue to, adequately monitor Defendant's various medical conditions.

Even if Defendant's motion was supported by a showing of extraordinary and compelling reasons for compassionate release, Defendant must persuade the court that a reduction in sentence would be consistent with consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a).

### C. Section 3553(a) Factors

The compassionate release statute requires courts to consider § 3553(a) factors in determining whether a reduction in sentence is warranted. *See* 18 U.S.C. § 3582(c)(1)(A). Those factors include, among other things, the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant and to provide the defendant with needed medical care in the most effective manner; and the need to avoid unwarranted sentence disparities among defendants who have been found guilty of similar conduct. *See* 18 U.S.C. § 3553(a).

The Court looks to § 3553(a) factors in considering Defendant's request. As noted above, on November 25, 2019, the Court sentenced defendant to the statutory maximum 120 months in custody of the BOP following his entry of a guilty plea to possession of illicit sexual conduct under § 2252(a)(4)(B). *See* Doc. No. 588 at 1-2. Defendant's sentence was attributed to the examination of the device seized from Defendant depicting minors engaged in sexually explicit conduct. *Id.* In addition, the Court took into consideration Defendants numerous convictions for sexually abusing minors, *See* Doc. No. 601 at 1, the nature and circumstances of the offense, the history and characteristics of the Defendant, Defendant admitting to being in possession of images of a minor engaged in sexual explicit conduct and possessing child pornography, and the victim's statements. Moreover, a

detailed analysis of Defendant's motion highlights no remorse for his actions, indicative of his characterization of his history of deviant sexual conduct with children as "very minor," illustrating the absence of respect for the law. *See* Doc. No. 611 at 18, 36. Upon considering these same factors as to the instant motion, the Court finds they do not weigh in favor of compassionate release.

The Court also considers "the need for the sentence imposed . . . to provide the defendant . . . medical care . . . in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). The sentence imposed by this Court was intended to promote respect for the law and accomplish the sentencing goals of deterrence. *Id.* Defendant contends that "when this Court made its original decision, there was not an ongoing pandemic that seriously increased [][the] risk of dying or becoming severely ill." *See* Doc. No. 626 at 11. Although there was no pandemic to consider at the time of sentencing, Defendant's medical records show that he continues to receive medical care and medication by prison health services for his underlying medical conditions. Defendant has not suffered severe symptoms or complications despite testing positive for COVID-19 months ago. The Government has also presented evidence that the BOP has taken several measures to protect inmates' health at FCI Terminal Island, including, but not limited to, extensive new inmate screening procedures, instituting testing, ordering necessary cleaning and medical supplies, and engaging in enhanced cleaning and disinfection measures. *See* Doc. No. 621 at 10-11. Accordingly, the need to provide effective medical care under § 3553(a)(2)(D) does not weigh in favor of a reduction in sentence.

### D. Danger to the Community

In ultimately deciding whether Defendant should be released under § 3582, the Court must take into consideration whether Defendant poses a danger to the community. *See* U.S.S.G. § 1B1.13(2) (Compassionate release is only warranted where "[t]he defendant is not a danger to the safety of any other person or to the community[.]") Defendant contends he is not a danger to the community because of his changed health circumstances, along with his release plan of living with his sister. *See* Doc. Nos. 611, 626 at 43, 9. The

Government argues Defendant's motion should be denied because he continues to pose a danger to the community by citing to the gravity of the crime committed, Defendant's lengthy criminal history, the high risk of recidivism, and the propensity to repeat his behavior. Doc. No. 621 at 18-19.

Even if the Court concluded that extraordinary and compelling circumstances existed that may justify compassionate release, the Court cannot find that Defendant does not present a danger to the community. Although Defendant has served 89 months of the 120-month sentence, Defendant fails to show that he would not be a danger to the community where he is convicted of possession of child pornography and has a history of abusing young boys over the course of the past several decades. The Court finds Defendant is unable to refrain from abusing young boys nor possessing child pornography while outside of prison, as exhibited by the fact that Defendant served lengthy prison sentences for the same conduct in the past which provided no deterrence to re-offend. The absence of any rehabilitative efforts as well as Defendant's unrepentant and unremorseful attitude, as exhibited in his motion, does not provide the Court with any assurance that Defendant will cease harming minors despite his age and severe health conditions.

Lastly, Defendant's health condition and release plan does not address the serious questions raised by his prior conduct and the apparent significant potential for recidivism. Indeed, Defendant in his mid-sixties continued the same conduct of abusing young boys as he had 30 years earlier, despite his significant medical challenges. Doc. No. 621 at 3. In addition, Defendant's plan to reside with his sister does not adequately alleviate the Court's concern for the safety of the community, especially in light of Defendant's lack of remorse. Setting aside the other relevant factors to consider under the compassionate release statue, Defendant has not met the burden of showing he would not be a danger to the community if he were to be released. Accordingly, Defendant has not met his burden to show that he is not a danger to the safety of others as required for relief under § 3582 (c)(1)(A).

///

///

## CONCLUSION

For the reasons set forth above, Defendant's motion for reduction of sentence pursuant to the compassionate release provision of § 3582 (c)(1)(A) is DENIED.

**IT IS SO ORDERED.**

DATED: December 4, 2020

_____
Hon. John A. Houston
United States District Judge